IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| COINBASE, INC. <br><br> *Petitioner*, <br><br> v. <br><br> KAREN MOON <br><br> *Respondent*. | **Civil Action No.** _____ |

**PETITION TO CONFIRM ARBITRATION AWARD AND NOTICE OF APPLICATION FOR ORDER TO CONFIRM ARBITRATION AWARD**

Petitioner Coinbase, Inc. requests this Court confirm the attached Final Arbitration Award in accordance with the Federal Arbitration Act.

## INTRODUCTION

1. Petitioner requests confirmation of an arbitration award issued May 21, 2024, in American Arbitration Association Case No. 01-23-0001-3424, *Moon v. Coinbase, Inc. and Coinbase Global, Inc.* (the "Arbitration").[1] A true and correct copy of the "Final Award" is attached hereto as Exhibit A. Arbitrator Deborah Shapiro dismissed all claims on the merits and declared that all "Claimant's claims are dismissed" and "[t]his Award is in full settlement of all claims submitted in this arbitration." *See id.* at 7.

---

[1] Coinbase Global, Inc. is Coinbase Inc.'s parent company. The claims against it were withdrawn below on April 29, 2024.

**PARTIES**

2. Coinbase, Inc. is a corporation organized under the laws of the State of Delaware.

3. Karen Moon is an individual resident of Miami, Florida. Pursuant to 9 U.S.C. § 9 and the Federal Rules of Civil Procedure, Moon may be served with this Petition to Confirm Arbitration Award and Notice of Application for Order to Confirm Arbitration Award by personal service.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction to confirm the arbitration award at issue pursuant to 28 U.S.C. § 1332 because complete diversity exists between the parties and the amount in controversy exceeded $75,000. Ms. Moon sought more than $80,000 in damages in arbitration. *See* Ex. A at 1. *Theis Rsch., Inc. v. Brown & Bain*, 400 F.3d 659 (9th Cir. 2005) ("We are satisfied that the amount in controversy is the amount [that the arbitral claimant] sought to recover by its complaint."). Coinbase is a Delaware corporation and does not have a principal place of business in Florida. Ms. Moon is a Florida resident.

5. Venue is proper for this confirmation proceeding pursuant to 9 U.S.C. § 9 because the Final Award was issued by the Arbitrator in New York.

**FACTUAL BACKGROUND**

6. On March 31, 2023, Ms. Moon filed a Demand for Arbitration with the American Arbitration Association ("AAA") against Coinbase, Inc. and Coinbase Global, Inc. seeking rescission damages in the amount of $80,536.70 for her losses

incurred when she lost money trading in UST, a cryptoasset. Ex. A at 1. Moon's claims arose out of the collapse in the value of UST in May of 2022. She alleged that Coinbase was the direct counterparty to all her purchases of UST on its platform and that it was, therefore, both a seller of unregistered securities and operating an unregistered exchange in violation of the Securities Act of 1933, the Securities Exchange Act of 1934 ("Exchange Act"), and the California Corporate Code. She sought rescissionary damages.

7. The User Agreement between Ms. Moon and Coinbase, Inc. provided that the parties agreed to arbitrate any disputes, and that "the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, will govern the interpretation and enforcement of this Arbitration Agreement and any arbitration proceedings" and that the arbitration would be administered by AAA. A true and correct copy of the User Agreement is attached hereto as Exhibit B. *See* Ex. B at App'x 5 §§ 1.1, 1.6, 1.4 (the parties' agreement to arbitrate; agreement that an award may be enforced, and agreement that the FAA governs and controls).

8. Arbitrator Deborah Shapiro was appointed as the neutral to decide this dispute. Ms. Moon did not object at any time during the pendency of arbitration to the selection of Arbitrator Shapiro. Ms. Shapiro is based in New York.

9. The parties submitted briefing on the Demand and oral argument was heard via Zoom teleconference on May 7, 2024.

10. On May 21, 2024, Arbitrator Shapiro issued a Final Award dismissing all claims on the merits ("This Award is in full settlement of all claims submitted in

this arbitration.") *See* Ex. A at 7. The award also prescribes that administrative fees and the arbitrator's compensation shall be borne as incurred. *Id.*

11. The Final Award holds that "Respondent is not liable for Claimant's losses because [under *Pinter* v. *Dahl*, 486 U.S. 622, 642 (1988)] it was not a statutory seller of UST within the meaning of the Securities Act § 12(a)(1)." *Moon v. Coinbase, Inc.*, No. 01-23-0001-3424, at 3. Based on the plain terms of the User Agreement, the Award holds that title to UST never passed from Coinbase to Ms. Moon, that Coinbase never solicited Ms. Moon's purchases, and that Ms. Moon's Securities Act claims, therefore, failed as a matter of law. Ex. A at 4-5.

12. As to Ms. Moon's Exchange Act claims, the Award holds that Ms. Moon could not establish a claim to rescission under § 29(b), because the Exchange Act requires that a contract be facially illegal to be rescinded—not that an individual transaction be allegedly illegal. Ex. A at 6. Because Ms. Moon failed to demonstrate any facial illegality in the User Agreement, the claim was dismissed. *See id.* Further, even if Ms. Moon could show illegality, the Award held that Ms. Moon was never in privity of contract with Coinbase as the seller of UST in any of her purchases.

13. As the state law claims tracked the federal claims, the Award held that they failed for the same reasons. Ex. A at 7.

**MOTION TO CONFIRM ARBITRATION AWARD AND ENTER JUDGMENT**

14. The Federal Arbitration Act ("FAA") allows for confirmation of arbitral awards in federal court. It states, in relevant part:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

9 U.S.C. § 9. All the FAA's requirements to confirm this arbitral award are met.

*First*, Section 1.6 of the User Agreement states that "[j]udgment on the arbitration award may be entered in any court having jurisdiction." *See* Ex. B at App'x 5, § 1.6. The User Agreement also states that the FAA governs the award:

> [t]he User Agreement evidences a transaction involving interstate commerce; and notwithstanding any other provision herein with respect to the applicable substantive law, the Federal Arbitration Act, 9 U.S.C. sec. 1 et seq., will govern the interpretation and enforcement of this Arbitration Agreement and any arbitration proceedings.

Ex. B at App'x 5, § 1.4. These provisions expressly authorize judgment to be entered on an award in federal court.

*Second*, this motion is timely, because it is made within one year after entry of the award. The arbitrator entered the award and dated it May 21, 2024. *See* Ex. A at 7. This motion is being made May 22, 2024. Venue is also proper in this Court because the award was issued by an arbitrator located in this jurisdiction.

*Third*, no grounds exist for modification, correction, or vacatur of the Award. The limited exclusive statutory grounds for vacatur of an award are:

> (1) the award was procured by corruption, fraud, or undue means;

(2) there was evident partiality or corruption in the arbitrators, or either of them;

(3) the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

(4) the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10; *see also Hall Street Associates, L.L.C. v. Mattel, Inc.*, 552 U.S. 576 (2008) (no grounds outside the statutory framework may be considered for vacating or modifying an arbitration award). None of these grounds are implicated: There was no fraud; the arbitrator did not act corruptly; the arbitrator committed no misconduct; and the arbitrator did not exceed her authority. The FAA *requires* confirmation of an award in these circumstances. *See Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008) ("Under the terms of § 9, a court 'must' confirm an arbitration award 'unless' it is vacated, modified, or corrected 'as prescribed' in §§ 10 and 11. Section 10 lists grounds for vacating an award, while § 11 names those for modifying or correcting one.").

Likewise, there is no basis to modify the award. The exclusive statutory bases for modification are:

(a) Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.

(b) Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter

submitted; or

(c) Where the award is imperfect in matter of form not affecting the merits of the Controversy.

Because there were no damages awarded, there was no miscalculation in the damages amount.

Finally, Section 13 of the FAA requires that a party moving to confirm an award attach certain documents to its motion. Those requirements are all met, as outlined below and attached:

(a) The agreement; the selection or appointment, if any, of an additional arbitrator or umpire; and each written extension of the time, if any, within which to make the award.

The agreement to arbitrate is contained in App'x 5, § 1.6 of Exhibit B. No additional arbitrators were appointed or selected for this matter, and no extensions of time for the Arbitrator to render her award were requested or given.

(b) The award.

The award in this matter consists of the Final Award, attached hereto as Exhibit A.

(c) Each notice, affidavit, or other paper used upon an application to confirm, modify, or correct the award.

No such applications have been made.

## CONCLUSION AND RELIEF REQUESTED

All requirements for confirmation of this final award have been met. Accordingly, pursuant to 9 U.S.C. § 9, Coinbase seeks (1) Confirmation of the Final Award as a Judgment of this Court against Respondent in the amount of $0; and (2) Any and all further relief this Court deems just and proper.

                        Respectfully Submitted,

Dated: May 22, 2024

                By: */s/ Andrey Spektor*

                Andrey Spektor
                BCLP LLP
                1290 Avenue of the Americas
                New York, NY 10104-3300
                Tel.: (212) 541-2085
                Fax: (212) 541-4630
                andrey.spektor@bclplaw.com

                Barbara A. Smith (*Pro hac vice* forthcoming)
                BCLP LLP
                One Metropolitan Square
                211 N. Broadway, Suite 3600
                St. Louis, MO 63102
                Tel.: (314) 259-2000
                Fax: (314) 259-2020
                barbara.smith@bclplaw.com

                Alexandra C. Whitworth (*Pro hac vice* forthcoming)
                BCLP LLP
                Three Embarcadero Center
                7th Floor
                San Francisco, CA 94111-4070
                Tel.: (415) 675-3400
                Fax: (415) 675-3434
                alex.whitworth@bclplaw.com

                Ashley Spechler
                BCLP LLP
                1290 Avenue of the Americas
                New York, NY 10104-3300
                Tel.: (212) 541-2062
                Fax: (212) 541-4630
                ashley.spechler@bclplaw.com

                *Attorneys for Petitioner,*
                *Coinbase, Inc.*