**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------- x
```
COINBASE, INC.,                                          :
                                                        :
                        Petitioner,                      :
                                                        :               **1:24-cv-03969 (ALC)**
                        -against-                         :
                                                        :               <u>**ORDER**</u>
KAREN MOON,                                              :
                                                        :
                        Respondent.                      :
```
------------------------------------------------------- x
```

**ANDREW L. CARTER, JR., United States District Judge:**

Coinbase, Inc. ("Petitioner" or "Coinbase") brings this Petition under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, to confirm an arbitration award (the "Award") against Respondent, Karen Moon ("Moon"). *See generally* ECF No. 1 ("Petition" or "Pet."). Respondent does not take a position on the Petition. ECF No. 13. For the reasons stated below, the Petition is **GRANTED**.

## BACKGROUND

On March 31, 2023, Moon filed a demand for arbitration with the American Arbitration Association ("AAA") against Coinbase, Inc. and Coinbase Global, Inc. Pet. ¶ 6. On April 29, 2024, Moon withdrew her claims against Coinbase Global, Inc. without prejudice. ECF No. 1-1 at 2 ("Award"). Moon alleged that Coinbase had violated the Securities Act of 1933, the Securities Exchange Act of 1934, and the California Corporate Code and sought rescissionary damages. Pet. ¶ 6.

The User Agreement entered into by Moon and Coinbase, included an agreement to arbitrate any disputes before the AAA. Pet. ¶ 7; ECF No. 1-2 at 11 ¶ 7.3 ("User Agreement"); *id.* at 29–31 ¶¶ 1.1, 1.4, 1.6. On May 21, 2024, the arbitrator appointed to decide the parties' dispute

issued a final award dismissing all of Moon's claims brought against Coinbase. Award at 8. The Award also prescribed that "administrative fees and the arbitrator's compensation shall be borne as incurred." *Id.*; Pet. ¶ 10. On May 22, 2024, Coinbase filed the instant petition to confirm the arbitrator's final award of dismissal. *See* Pet. ¶ 1. Moon does not take a position on the Petition. ECF No. 13.

## LEGAL STANDARD

Arbitration awards are not self-enforcing; they must "be given force and effect by being converted to judicial orders." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 104 (2d Cir. 2006). Under the FAA, any party to an arbitration proceeding can apply for a judicial decree confirming the award. *See* 9 U.S.C. § 9. A court must confirm the award unless it "was procured by corruption, fraud, or undue means;" there existed "evident partiality or corruption in the arbitrator;" the arbitrator exhibited "misconduct" that "prejudiced" a party; the arbitrator "exceeded [her] powers;" or there was "an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award." *Id.* §§ 10–11.

"It is well established that courts must grant an [arbitrator's] decision great deference." *Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 388 (2d Cir. 2003). Confirmation of an arbitration award is, therefore, generally "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *D.H. Blair*, 462 F.3d at 110 (citation omitted). "[T]he showing required to avoid confirmation is very high." *Id.* Indeed, "[t]he arbitrator's rationale for an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case. Only

a barely colorable justification for the outcome reached by the arbitrator … is necessary to confirm the award." *Id.* (quotation marks and citations omitted).

"[A] district court should treat an unanswered ... petition to [confirm an arbitration award] as an unopposed motion for summary judgment." *Id.* Summary judgment is appropriate when the record shows that there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). A court must consider all evidence in the light most favorable to the nonmoving party. *Overton v. N.Y. State Div. of Mil. & Naval Affs.*, 373 F.3d 83, 89 (2d Cir. 2004). A court must "resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Sec. Ins. Co. of Hartford v. Old Dominion Freight Line, Inc.*, 391 F.3d 77, 83 (2d Cir. 2004). Although Moon does not take a position on the Petition, the Court must still "examin[e] the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *D.H. Blair*, 462 F.3d at 110 (citation omitted).

## DISCUSSION

Coinbase argues that it is entitled to confirmation of the Award. *See* Petition. The Court agrees.

Coinbase has carried its burden to demonstrate that there is no genuine dispute of material fact regarding the validity of the arbitration award. The Award provides far more than a "barely colorable justification for the outcome reached." *D.H. Blair*, 462 F.3d at 110 (citation omitted). The Court also finds that none of the reasons for vacating or modifying the award under 9 U.S.C. § 10 or § 11 apply. "It is also clear that the parties' agreement compelled them to

arbitrate disputes arising out of their relationship." *Coinbase, Inc. v. Sherrer*, No. 24 CIV. 7427 (AT), 2024 WL 4894204, at *2 (S.D.N.Y. Nov. 25, 2024) (confirming an arbitration award with the same user agreement); *see* User Agreement at 11 ¶ 7.3; *id.* at 29–31 ¶¶ 1.1, 1.4, 1.6. Accordingly, the Court confirms the Award.

## CONCLUSION

For the foregoing reasons, Coinbase's Petition to confirm the Award dismissing Moon's claims is **GRANTED**. The Clerk of Court is respectfully directed to enter judgment in favor of Petitioner and to close the case.

**SO ORDERED.**

Dated:   **December 20, 2024**
          **New York, New York**

**ANDREW L. CARTER, JR.**
**United States District Judge**

4